May it please the Court, Joseph Siguenza for Petitioner this morning. The issue presented in this Immigration Appeal is a straightforward issue, whether a conviction under Penal Code Section 314.1, Indecent Exposure, constitutes a crime of moral turpitude. Petitioner submits that at first glance or an individual's instinctive conclusion would be, looking at the statute and the language contained therein, that how can it not be a crime of moral turpitude? But we would submit that a well-reasoned analysis of the law regarding how crimes are or are not interpreted as moral turpitude for purposes of removal or deportation would lead to a different conclusion. If you begin with the assumption that the statute as written requires two key elements, that an individual willfully and lewdly exposes a person or private parts in public or in private, arguably, at first glance, it would appear to constitute a crime of moral turpitude. However, there's nothing in the record of conviction that indicates that defendant's action, willful action of exposing himself, was sexually motivated. And we would submit that that is an important or key element in this analysis. In other words, did the defendant or the person involved commit the act, the willful act, for purposes of sexual arousal, gratification, or affront? And we would submit that there is nothing in the record of conviction, either in the complaint, which only tracks the language of the statute, or in the minutes. But for him to have been convicted because California defines it the way you just described, it's got to be for sexual motivation. In order for him to have convicted, wouldn't we necessarily have to conclude that it was, for one of those reasons, sexual affront or gratification or arousal? It could be interpreted, Your Honor, that the inclusion of the word lewdly would necessarily imply that there was sexual motivation. Because that's what the California court says lewdly means. Yes, that's true. I think it's People v. Smith. Right. However, there's a citation to People v. Ballard, California Supreme Court case, that found that this particular statute constitutes moral turpitude. We would submit is not relevant to an immigration court's analysis or analysis for immigration purposes as to whether or Given the severe consequences to petitioner, if he's found removable. And I believe that there is adequate authority for that. Is there a way to commit this crime in California that would not involve lewdness? We cited in our brief, Your Honor, a couple of examples. One example, I believe, involved or set out a frat pledge, fraternity pledge, who runs naked or nude in front of a salaried house. That wouldn't violate the statute? That would not violate the statute. So that wouldn't count. Can you think of any way you could violate the statute that wouldn't involve lewdness? That would not involve lewdness? I believe there's a – I believe it's People v. Smith that held that nude sunbathing does not constitute a conviction under the statute. Right. So the Rett doesn't. Right. I'm not sure if I'm addressing – Can you come up with – can you come up with any kind of hypothetical where someone could be convicted under the statute, but it wouldn't involve lewdness as the California court defines it? All the cases you just talk about wouldn't violate it, so we're not worried about that. Right. What if someone mooned somebody out of a car? I'm sorry, Your Honor? If someone mooned another person out of a car window, would that violate this statute? It would depend upon whether that individual was sexually motivated, whether that person did it for purposes of gratification. Sexual affront? Pardon me? Sexual affront is part of the definition, isn't it? It is. But affront – again, I believe you would have to look to the record of conviction to determine what the circumstances were, what the facts showed that led to the conviction. That's how the cases have defined the statute, right? If it's sexual – a sexual affront can satisfy the elements of this crime, right? We would submit that the word affront or the term affront is pretty broad-based and is subject to broad interpretation, and it would seem that almost any act that is even remotely interpreted to be an affront could constitute a conviction. A sexual affront. Yes, a sexual affront, yes. So we would submit that that's a broad-based term. So do you have an answer to my question as to whether or not if one person mooned another person from a car, that would violate this statute? I would submit that it would not necessarily violate the statute, as Your Honor has stated the hypothetical. Getting back to your question, Your Honor, I can't think of – frankly, I can't think of a situation where Your Honor poses that question. However, I would submit that even if you have requisite evil intent or specific intent because of the concept of lewdness and willful in the statute or the terms included in the statute, the evil intent that may be present may be too attenuated to characterize the offense as a crime of moral turpitude. I believe that this circuit has held that in a case involving malicious mischief, that even though there was a requisite specific intent and evil intent, it was too attenuated to imbue or – to imbue the offense as one involving moral turpitude, we would submit that that – that this is a relatively minor offense. No harm was involved, fortunately. And this type of offense, though sexual in nature, cannot be compared to other offenses sexual in nature that have been held to constitute moral turpitude, including rape, spousal abuse, child abuse, incest. Those, arguably, are crimes that involve moral turpitude of a sexual nature, but this – Also, would a streaker violate the statute? Depending on the attempt, I would submit no, Your Honor. They would not. I don't see that – unless there are facts indicating that there was sufficient sexual motivation on the part of that individual, we would submit that it would not constitute a violation of the statute. Did you want to reserve any time? Yes, I would. Thank you. Thank you, sir. Good morning. Morning. May it please the Court? My name is Melissa Nyman-Kelting, and I represent the Attorney General. The sole issue before this Court today, as we've discussed, is whether Petitioner's two convictions for indecent exposure under the California State Statute constitute crimes involving moral turpitude for the purposes of the Immigration and Nationality Act. Does it matter how many there are? No, Your Honor, it does not. It matters whether the language of the statute itself, whether it's one conviction or a hundred convictions, constitutes a crime involving moral turpitude. Petitioner has already conceded that his theft offense is a crime involving moral turpitude. Therefore, if the Court finds that indecent exposure is also a crime involving moral turpitude, the statute – the charge of removability is sustainable. Getting – one point I would like to clarify is that the government respectfully disagrees with Petitioner's contention that the Court should look to the record of conviction in this case. In the case of, I believe it was Goldstein, the Court specifically found that to determine whether a crime involves – a conviction involves moral turpitude, it's a categorical approach. You only can look to the language of the statute. You can't drill down and look to the record of conviction and the underlying conduct. In the modified categorical analysis, you can look to certain documents. You can't use – so you're saying that we only can apply the categorical approach as opposed to the modified categorical? Yes, Your Honor. I'm referring to the Taylor analysis where this Court has found that if the statute – and specifically there it's been used mostly in my understanding to interpret aggravated felonies. If the language of the statute encompasses conduct that could be an aggravated felony and some conduct that could not be an aggravated felony or that would not be an aggravated felony, the Court then must look to the record of conviction, which is a very finite number of documents that the Court can consider in determining whether the individual's actions constituted an aggravated felony. Here, the language of the statute is clear on its face and based on the structure of the statute and the findings of the California courts that – and as Petitioner has conceded, there's no hypothetical that one can conceive of where one would be convicted of willfully and lewdly exposing his person or the private parts thereof in public for the purposes of sexual gratification, sexual arousal or sexual affront. There's no way someone could be convicted of that statute where it wouldn't involve moral turpitude as the California court held in Ballard. Getting to your question about streaking and mooning, the California courts haven't addressed mooning. I didn't find a case involving streaking, but mooning they found that the intent was not there, that the Petitioner in that case or the defendant in that case, the purpose was to simply annoy or affront the passing traffic, but it wasn't sexual affront. It was just poor judgment on the part of the individual in that case, and that case was Dallas. There is one – and that's cited, I believe, in both briefs, the Dallas case. There is one case that discusses sexual affront, because after Dallas it became clear that the word sexual modifies gratification, arousal and affront. And there's one California state case that does discuss a conviction for under 314.1 that involves sexual affront, and that's the Archer case, which I believe is cited in the government's brief, which was dealing with an individual who exposed himself to a fellow driver in an instance of road rage and made an inappropriate comment. The court found in that case that it was sexually motivated, and the individual in that case was convicted under this statute. That seems to me a crummy thing to do to a fellow motorist, but why is that a crime of moral turpitude? Well, Your Honor, that enforces the court to step back and look, what has this crime of moral turpitude, where fraud is not an element. And we're all agreed here that this statute does not involve fraud. And the courts have found that a crime involving moral turpitude either involves an element of fraud or specific intent based on conduct that is based or depraved. So that's the threshold within which the court is working here. Is this conduct – is a conviction under 314.1, does that entail specific conduct that is based, depraved, and contrary to the morals of society? And the government submits the individual in the Archer case. He was convicted under the language of this statute, which is all the court can look at. But even looking at what he did, which sustained a conviction that posing a sexual affront to a fellow driver, not only is it unsafe, it is an act that is based and depraved and contrary to the morals of society. And that's why that conduct is also encompassed as a crime involving moral turpitude under this statute. As Patricia mentioned, the California courts have found specifically that a conviction under 314 is a crime involving moral turpitude. And that is that case should be instructional to this court's decision in finding that a conviction under 314 constitutes a crime involving moral turpitude for immigration purposes. Does the government contend that every conviction within the four walls of 314 is by definition a crime of moral turpitude? Yes, Your Honor. Based on the plain language of this statute, which has been discussed, you have to be willful. There has to be an element of lewdness, which the California courts – because it's not defined in the statute, it's defined in the case law as requiring the conduct to be sexually motivated, meaning the defendant meant to expose himself and the exposure was for the purposes of sexual gratification, arousal, or affront. Based on the plain language of the statute in the four corners, yes, it is the government's position that any conviction under 314.1 would involve a crime involving moral turpitude. No exceptions? No exceptions under the Act. Counsel, what's the closest case in Ninth Circuit case law that has found a crime involving moral turpitude in similar circumstances to a conviction of this nature? This court has found multiple sexual crimes to be crimes involving moral turpitude. I believe in Gregada, and which was – well, that was spousal abuse. But in Gonzalez-Alvarado, that was incest that the court found to be a crime involving moral turpitude. That's a little different. Incest is a little different. Yes. So that's why I'm asking you, what's the case that's closest to the facts of this case where we have found there to be moral turpitude? There's no case close to this case where the court has found the specific conduct or the specific conviction to be a crime involving moral turpitude. But the government would submit that although Rodriguez-Herrera went the other way, it is instructional in this instance because the court was very explicit to state that it was a close case. And Petitioner's counsel did mention that case where the conviction was for second degree malicious mischief. And they found – that's when the court backed away a little bit from the evil intent requirement, finding that not all crimes involving moral turpitude have to involve evil intent. And just because something involves evil intent does not per se make it a crime involving moral turpitude. But there they found – the court found it was a close case that borders the lines of crimes that necessarily involve based acts contrary to accepted moral standards.  And the court's analysis in Rodriguez-Herrera is instructional even though it went the other way because looking at the statute of conviction in that case, malicious mischief, we didn't – we don't have the same fit that we do here where we have the specific intent. We have willful. You have to have been willful intent to be convicted under this crime. We have the lewd element, which has been defined multiple times for this court. You can't be convicted under the statute of willful intent. And it has to be for conduct that is inherently base depraved and contrary to the morals of society. So the government would submit that the Rodriguez-Herrera is instructional for this court's consideration because it did find that it was a close case. Our case, the instant case today, would fall over that line because it does include acts that are base and depraved and contrary to moral – accepted moral standards. Doesn't the statute's use of the word affront weaken the argument a little bit because affront falls far short, it seems to me, of some of the requirements we've seen for some of the conduct that amounts to moral turpitude. And so you can affront somebody by annoying them, but is that really moral turpitude if that's – if you're annoying someone, is that moral turpitude? It's the government's position that it is in this case because the California courts have specifically found that it can't just be affront. Under Dallas, simple affront and annoyance wasn't enough. It has to be that the actor was sexually motivated and that the affront was a sexual affront, sexual in nature, as in the Archer case. And it's understandable that it's hard to compare a crime involving – or excuse me, indecent exposure obviously does not equate to statutory rape, spousal abuse, and incest. However, Congress did consider that not all crimes involving moral turpitude would be of a grand scale. By way of an analogy, under the inadmissibility section, there is a petty offense exception to crimes involving moral turpitude, which shows that Congress contemplated that some of these crimes would not be grand in nature. I see that my time has expired. If a woman bared her breasts as a manifestation of road rage, would that constitute a violation of this statute? Your Honor, I guess that would depend if her breasts are considered genitals, which is what the court – or what the California courts have looked at in this case, whether it was willful and lewd exposure of her – the court has found that person connotes the entire body nude. If you're going to be convicted under this statute because you exposed your person, I believe it was under masquiot, the court found it had to be that you were entirely in the nude. But the clause, the private parts thereof, has been construed to mean genitals. So if the California courts construed breasts as genitals and she did it in a willful and lewd manner, possibly she could be convicted under the statute. But again, it would depend upon the circumstances of that case. Maybe we ought to certify the question. I'll leave that to the court's discretion. We'll let Judge Smith do that as his first case. Thank you very much. Thank you, Your Honors. Just briefly, in closing, in rebuttal rather, the Petitioner again submits that People v. Ballard should not govern this Court's independent analysis of whether this particular statutory offense constitutes a crime of moral turpitude for purposes of removal or deportation. And because these are such severe consequences to an alien, the Petitioner would submit that the Rodriguez-Herrera case involving malicious mischief, in terms of the principles enunciated there, applies in this particular case. Even if one assumes that that cuts in your favor as opposed to opposing counsel's argument that it cuts in the government's favor. Yes, Your Honor. Even if you assume that there's the requisite specific intent and evil intent built into the statute by the use of the words willful and lewdly, the Petitioner would submit that this offense, compared to other sexual offenses that have been deemed moral turpitude, is a relatively minor offense, harmless offense, if you will. And the evil intent requisite in the statute is too attenuated to imbue the crime with a character of fraud or depravity, which is how crimes of moral turpitude are generally grouped, as counsel has pointed out, as either one involving fraud or one involving depravity. The Petitioner would submit that this is not particularly a heinous crime, which evidences a baseness or depravity contrary to accepted moral standards. And on the theory that it's a relatively minor offense, this Court would find Petitioner submits that it is not a crime of moral turpitude that would subject an alien to removal or deportation. And if there are no other questions, Petitioner submits. Thank you very much. Thank you to Ms. Nieman-Kelty. The case has just argued is submitted.
judges: T.G. Nelson, Silverman, Rawlinson, Smith